# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant JEFF I. GORDON II**
**United States Army, Appellant**

ARMY 20210382

Headquarters, U.S. Army Maneuver Support Center of
Excellence and Fort Leonard Wood
Jessica R. Conn, Military Judge
Lieutenant Colonel Robert E. Samuelsen II, Staff Judge Advocate (pretrial, trial, and post-trial)
Colonel John R. Longley, Staff Judge Advocate (post-trial)

For Appellant: Major Tumentugs D. Armstrong, JA; Peter Kageleiry, Jr., Esquire (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Chase C. Cleveland, JA; Captain Vy T. Nguyen, JA; Ms. Tayla R. Hall, (on brief).

7 November 2024

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

Appellant was convicted and sentenced on 28 June 2021. Yet, his record of trial did not arrive to this court's doorstep until 25 October 2023—849 days later. Appellant characterizes this as "unreasonable post-trial delay" and requests this court grant appropriate relief by setting aside his dishonorable discharge.

Having considered the entire record, the offenses of which appellant was found guilty, and the government's justification for the delay, we agree the post-trial delay in this case was excessive, but we determine no relief is warranted. We

therefore affirm appellant's finding of guilty and his sentence in our decretal paragraph.[1]

## BACKGROUND

On 28 June 2021, a military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of sexual assault of a child and one specification of domestic violence, in violation of Articles 120b and 128b, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 928b [UCMJ].[2] The military judge sentenced appellant to a dishonorable discharge and confinement for nine months and twenty-five days.[3]

The initial post-trial processing of appellant's case proceeded swiftly. The staff judge advocate (SJA) provided clemency advice to the convening authority on 21 July 2021, approximately three weeks after the sentence was announced. The convening authority acted the following day. After a slight delay, the military judge entered judgment on 10 August 2021, forty-three days after appellant was sentenced.

The processing of appellant's case hit a stand-still after entry of judgment. The record of trial was not certified until 6 October 2023—830 days after appellant's guilty plea.[4] The record of trial was finally mailed to this court on 18 October 2023, and received on 25 October 2023. In total, 849 days had passed from when appellant's guilty plea was accepted to when this court was able to begin its review.

The SJA provided a memorandum to account for the "Post-Trial Processing Delay Due to Incomplete Record of Trial". The SJA attributed the delay in processing to a panoply of issues, which broadly fell into three categories: (1) the need to replace the sole court reporter for the installation; (2) organizing the various proceedings against appellant into a consolidated record of trial; and (3) difficulties

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and determine they merit neither discussion nor relief. We will affirm the findings and sentence in our decretal paragraph.

[2] Pursuant to the terms of the plea agreement, appellant was found not guilty of two specifications of domestic violence, in violation of Article 128b, UCMJ.

[3] Appellant was credited with 304 days of pretrial confinement credit.

[4] Or, alternatively, two years, three months, one week, and three days from the date of appellant's guilty plea.

posed by the change in personnel involved with the case after post-trial processing had begun, to include the court reporter, military judge, and trial counsel.

## LAW AND DISCUSSION

This court reviews claims of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). In accordance with this court's decision in *United States v. Winfield*, we examine post-trial processing using our authorities under the Due Process Clause of the Fifth Amendment and under Article 66(d)(2). 83 M.J. 662, 664 (Army Ct. Crim. App. 2023).

Our superior court adopted the four factors from *Barker v. Wingo*, to provide a framework for analyzing post-trial delay and due process violations: "(1) length of delay; (2) reasons for the delay; (3) appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Winfield*, 83 M.J. at 665 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). "No single factor is required to find that post-trial delay constitutes a due process violation." *Id.* (citing *United States v. Toohey (Toohey II)*, 63 M.J. 353, 361 (C.A.A.F. 2006) (quoting *Moreno*, 63 M.J. at 135) (alterations omitted).

When an appellant demonstrates excessive delay in post-trial processing that does not amount to a due process violation, this court "may provide appropriate relief." UCMJ, art. 66(d)(2). In determining whether relief is appropriate, this court considers the totality of the circumstances "balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *United States v. Rouson*, ARMY 20220319, 2023 CCA LEXIS 508, at *4 (Army Ct. Crim. App. 1 Dec. 2023) (summ. disp.) (citing *Winfield*, 83 M.J. at 666).

In this case, we find the delay excessive, but do not find a violation of the Due Process Clause of the Fifth Amendment. In analyzing the factors from *Barker*, the length of delay weighs heavily in favor of appellant, as 849 days to process, transcribe, and transmit appellant's record to this court is indeed excessive and the facts and circumstances of this case are insufficient to justify the significant delay.

The reasons for the delay also weigh in favor of the appellant. We reviewed the memorandum for record prepared by the SJA, but we do not find the explanation for the delay persuasive, especially considering it took 803 days to put together the record and there were still mistakes, errors, and missing documents, as cited in the

military judge's authentication memorandum.[5] *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("We have held that personnel and administrative issues, such as those raised by the Government in this case, are not legitimate reasons justifying otherwise unreasonable post-trial delay.").

The third and fourth *Barker* factors, assertion of the speedy post-trial processing right and prejudice, weigh in favor of the government, because appellant failed to assert either his speedy post-trial processing rights or identify any prejudice he suffered beyond the normal anxiety of waiting for the outcome of his case. *Toohey II*, 63 M.J. at 361 (we "require an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." (quoting *Moreno*, 63 M.J. at 140)).

When there is no finding of prejudice under the fourth *Barker* factor, as is the case here, a due process violation only occurs when "in balancing the three other factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Anderson*, 82 M.J. at 87 (quoting *Toohey II*, 63 M.J. at 362 ). Like our superior court found in *Anderson*, "[a] delay like the one in the present case is not severe enough to taint public perception of the military justice system." *Id.* at 88. While the Office of the Staff Judge Advocate's significant delay in completing the record of trial was abysmal, we do not find that under the facts and circumstances of this case, it would cause the public to doubt the fairness and integrity of the military justice system.

Without a due process violation, we turn to our authority under Article 66(d)(2), which allows us to provide appropriate relief if the accused demonstrates excessive delay in the processing of the court-martial after the judgment was entered into the record. We find the post-trial processing in this case is certainly excessive and in no way demonstrates the efficient administration of military justice.

However, exercising our discretion, we do not believe setting aside the dishonorable discharge, as appellant requested, is appropriate. Moreover, we find there is no appropriate relief warranted in this case. Appellant was convicted of one specification of sexual assault of his twelve-year-old adopted daughter and one specification of domestic violence against his wife. Appellant's sentence to a dishonorable discharge and nine months and twenty-five days of confinement was

---

[5] We also note the SJA memo, dated 17 October 2023, while explaining delays in the processing of post-trial, states the presiding judge retired and was "therefore, not available to complete the military judge's errata and authenticate the record of trial." However, authentication and certification of the record by the presiding judge did occur on 6 October 2023.

within the limits imposed by the plea agreement and well under the maximum punishment authorized by law.[6]

After reviewing the entire record and considering the totality of the circumstances, despite finding an excessive post-trial delay in appellant's case, we determine relief is not appropriate and decline to grant it.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge FLEMING and Judge PENLAND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[6] Based on appellant's pleas alone, the maximum sentence authorized by law was a dishonorable discharge, confinement for thirty-two years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.